## Ayres *against* Sweigart.

An agreement to become surety for costs, though entered among the minutes on the docket, has not the effect of a recognizance.

ERROR to the common pleas of *Dauphin* county.

Michael Sweigart against William Ayres, Esq. Summons in debt not exceeding 230 dollars. The plaintiff declared as follows:

Michael Sweigart complains of William Ayres, Esq., of a plea that he render to the said Michael Sweigart 230 dollars, lawful money of the United States, which he owes to and unjustly detains from him. For that whereas, the said William Ayres heretofore, to wit, on the 23d day of April, in the year of our Lord 1834, came personally into the court of common pleas of Dauphin county, and then and there in the said court acknowledged himself to be the surety for a certain Henry Greiner for the costs in a certain suit then and there depending, by and between the said Henry Greiner, surviving obligor, &c., as plaintiff, and the aforesaid Michael Sweigart as defendant, of the term of August, in the year of our Lord 1831, No. 106, whereby he the said William Ayres consented and agreed that all such costs and charges as should be adjudged unto the said Michael Sweigart, in that behalf, should be made and levied of his goods and chattles, lands and tenements, if it should so happen that the said Henry Grenier should not pay unto the said Michael Sweigart those costs and charges, as by the record of the said recognizance or acknowledgment of record, still remaining in the said court here, to wit, at Dauphin county aforesaid, more fully appears. And although the said Henry Greiner afterwards, that is to say, in the court of common pleas of the county of Dauphin aforesaid, on the 1st day of September 1835, in the same plea, became nonsuit, whereby he became and was rendered liable to pay to the said Michael Sweigart, the sum of 115 dollars 35 cents, which he had sustained for his costs and charges by him about the aforesaid suit in his behalf expended, whereof the said Henry Greiner was convicted as by the record and proceedings whereof still remaining in the said court here, to wit, at Dauphin county more fully appears. Yet the said Henry Greiner hath not yet paid to the said Michael Sweigart the said costs and charges or any part thereof, according to the form and effect of the said recognizance or acknowledgment of record, and as well the said recognizance or acknowledgment of record and the said judgment of nonsuit still remain in full force and effect, and the said costs and charges in no ways satisfied, paid and discharged, and the said Michael Sweigart

hath not yet obtained any execution of the said judgment, whereby and according to the form and effect of the said recognizance or acknowledgment of record, an action hath accrued to the said Michael Sweigart to demand and have of and from the aforesaid William Ayres the said sum of 115 dollars 35 cents, in form, &c. Yet the said William Ayres hath not as yet paid, &c.

To support this declaration the plaintiff offered in evidence the record of a suit, Henry Greiner *v.* Christian Roop, in which a rule had been taken by the defendant upon the plaintiff, to give security for the costs, on the ground that he did not reside in the state. Whereupon, William Ayres the defendant in the present suit, made this entry upon the docket, " April 23d, 1834, William Ayres, Esq. agrees to become surety for the costs in this case;" and signed his name to it.

The defendant objected to the evidence on the ground that it did not support the plaintiff's declaration. The court overruled the objection and sealed a bill of exceptions at the instance of the defendant. Verdict for plaintiff.

*Roberts* and *McClure*, for plaintiff in error.
*J. A. Fisher*, for defendant in error.

PER CURIAM. The agreement in evidence, has no feature of a recognizance. It is not in the form of one, being without penalty, condition, or acknowledgment. It is a mere stipulation, which acquired, from having been entered among the minutes of the docket, no quality of a debt of record, or no greater force than if it had been written on a loose slip of paper. In what form it might warrant a recovery, is not at present an inquiry; it is sufficient for the occasion that it does not support the declaration.

Judgment reversed, and a *venire de novo* awarded.