The late Frederick Clauss, by his will, gave to his wife certain real estate, and —
"Also 3 mortgages, one on the following property: located on the n/e corner of Union Avenue and Route 36 in the name of Frederick Schober and those in the names of Robert Smith and Lillian Lawler in the Borough of Union Beach."
At the date of the will, June 19th, 1939, and at the death of the testator nine months later, he owned a mortgage made by Smith, another made by Lawler and he owned two mortgages made by Schober covering the property at Union Avenue and Route 36, mentioned in the will. The question is whether or not the widow is given both Schober mortgages. The mortgages were made only two months apart, one dated March 27th, 1929, secures $1,750; the other, made May 28th, 1929, *Page 106 
secures $800. Testator kept a memorandum book in which he recorded receipts of rent and interest, including interest from Schober. For instance, in 1929:
 "Dec. 21. Fred Schober, interest .................. $76.50."

Again, for example, in 1936:
 "July 26. Fred Schober ............................ $50.00."
 "September. 14. Fred Schober, 1934 in full ........ $103.00."

Interest on the sum of the mortgages, $2,550, for one year was $153, and for six months, $76.50. The memorandum book indicates that interest was paid and applied, not to one of other of the mortgages, but to both, as if they were one. The receipts which testator gave Schober are to the same effect, "Interest for 1937," or as the case may be. And on September 12th, 1939, he receipted for $100 "for interest of mortgage for 1939. Bal. $53." Schober testified that testator was used to speaking of the "mortgage" not "mortgages" when referring to Schober's indebtedness.
The law of the case is the intention of the testator as expressed in his will. As an aid to the understanding of the language found in the will, the court must consider the situation which existed when the will was made. Fidelity Union Trust Co.
v. Noll, 125 N.J. Eq. 106. The circumstances appearing in the present case — the creation of both mortgages at approximately the same time; the treatment of the interest and testator's habit of speaking of them in the singular rather than the plural — indicate that he regarded them as but one security. The fact that one of the mortgage debts was twice the amount of the other, would naturally have led testator to specify which one he gave his wife if he intended her to have but one. My conclusion is that the legacy carries both mortgages. I have carefully studied the cases cited by counsel, Johnson v. Goss, 128 Mass. 433,
and Cleveland v. Carson, 37 N.J. Eq. 377. *Page 107