GEORGE W. JOHNSON, administrator, *vs.* CYNTHIA A. GOSS & others.

Worcester. · Jan. 7. — March 2, 1880. COLT & LORD, JJ., absent.

A testator bequeathed to his wife "all my personal property, my household effects, horse and carriages, my life insurance" in a certain company, three mortgages of real estate, and certain bank stock, and to other persons large portions of his productive personal property. *Held,* that the bequest of "all my personal property" was not a residuary bequest, but covered only property of personal use and convenience.

A testator, who at the time he made his will, and at the time of his decease, owned two mortgages of real estate in C. executed by W., and a mortgage executed by the wife of W., in which the latter joined, releasing his right as tenant by the curtesy, bequeathed to his wife "two mortgages on real estate by W. in C." *Held,* that this bequest covered only the two mortgages executed by W. and the debts secured thereby, and not the mortgage executed by the wife of W.

A testator bequeathed to his wife "one mortgage on H. B. of L." He in fact owned two mortgages executed by H. B. *Held,* that the bequest gave to the widow one of the mortgages; and that she might elect which she would take.

A testator bequeathed to his wife "the bank stock I hold in the First National Bank of C." *Held,* that this was a specific bequest; and that the widow was entitled to the stock, exonerated from incumbrances put upon it by the testator.

Under a bequest of personal property by a testator to his widow, "to hold for her own benefit as long as she lives, in a manner that shall be divided equally among the heirs at her decease," the widow is entitled to the management of it, in the absence of evidence of danger that the property will be wasted or secreted by her.

A testator, at the time he made his will, owned one hundred and eighty shares of stock in the C. bank. By his will, he bequeathed to each of his two daughters "sixty shares of bank stock in the C. bank;" and, after the will was made, he sold all his stock in that bank. *Held,* that these bequests were general; and that each daughter was entitled to sixty shares of stock in the bank named, or their equivalent in money.

A testator bequeathed to his son and his son-in-law each "one half of my interest in lands and machinery and effects in the sash and blind factory in C." The testator owned a large number of shares in a corporation in C. for the manufacture of sashes and blinds; and the corporation was indebted to him in a large amount. *Held,* that each legatee was entitled to one half of the number of shares in the corporation owned by the testator at his decease; and that they were not entitled to the debt due from the corporation to the testator.

MORTON, J. This is a bill in equity in which the administrator with the will annexed of the estate of Daniel Goss asks the instructions of the court as to the construction of the will and

the discharge of his duty under the same. The will is obscure, and was evidently drawn by an illiterate person who was very inaccurate in the use of language. In construing it, we can derive very little aid from previous decisions, and the case can be of but little value as a precedent for future adjudications.

1. After providing for the payment of debts and funeral expenses, the will contains the following clause: "I devise and bequeath to my wife, C. A. Goss, all my personal property, my household effects, horse and carraiges, my life insurance in the Mutual Life Insurance of New York, and two mortgages on real estate by Orison H. Welch in Clinton, and one mortgage on Horatio Bailey of Lancaster, and also the bank stock I hold in the First National Bank of Clinton, to hold for her own benifit as long as she lives (and wave all dowery) in a manner that shall be devided equal among the heirs at her deceased."

The guardian of the widow contends that this is a residuary bequest of all the personal property which may remain after the other bequests in the will are satisfied. But we are of opinion that this was not the intention of the testator. It is clear beyond doubt that he did not intend to use the words "all my personal property" in their ordinary sense, because he proceeds to give to his wife and other legatees large portions of his invested and productive personal property. The language does not purport to bequeath the residuum of his property, and, construing it in connection with the words immediately following, "my household effects, horse and carriages," we think his purpose was to describe property *ejusdem generis*, and that he used the adjective "personal" as descriptive of chattels of personal use and convenience, not intending to include stocks, securities, or other productive property. *Dole* v. *Johnson*, 3 Allen, 364.

2. The testator, at the time he made his will, and at the time of his decease, held two mortgages of real estate in Clinton executed by Orison H. Welch; he also held a mortgage executed by Mary A. Welch, the wife of Orison, to the Lancaster Savings Bank, in which Orison joined, releasing his right as tenant by the curtesy, and which had been assigned to the testator by the bank. It is clear that the bequest to the wife, of "two mortgages on real estate by Orison H. Welch in Clinton," covers only the two mortgages executed by Welch and the debts secured

thereby, and cannot be extended to include the third mortgage above named, as is contended by the guardian.

3. The testator bequeaths to his wife " one mortgage on Horatio Bailey of Lancaster." This language, strictly construed, is meaningless; but there is no doubt that he intended to give her the debt secured by a mortgage given by Bailey. He in fact owned and held two mortgages executed by Bailey. As he has not specified which of the two mortgages she is to take, we think that by implication he gives her the right of selection, and that her guardian may elect which of the two shall be transferred to her use by the administrator.

4. The bequest of " the bank stock I hold in the First National Bank of Clinton " is a gift of particular property specified and distinguished from all other property of the testator, and is therefore a specific legacy. *Towle* v. *Swasey*, 106 Mass. 100. *Foote, appellant*, 22 Pick. 299. *White* v. *Winchester*, 6 Pick. 48. *Metcalf* v. *Framingham Parish*, *ante*, 370.

As to property specifically devised or bequeathed, the general rule is that, in the absence of any expressed intention to the contrary, such property is to be exonerated and relieved from all incumbrances placed upon it by the testator. *Richardson* v. *Hall*, 124 Mass. 228. This rule should be applied to this bequest, and the administrator should pay the debt for which this bank stock is pledged, and transfer to the widow's guardian the stock free from incumbrance.

5. The remaining question under this clause of the will is whether the administrator should transfer to the guardian the property given to the widow. If we assume that the bequest was intended to be for the life of the widow, and that at her decease the property is to be divided equally among the heirs of the testator, yet we think his intention was that she should hold and manage it. He makes no provision for trustees, but gives it to her " to hold for her own benefit as long as she lives." There being no suggestion of danger that the property will be wasted or secreted by the life tenant, we are of opinion that she is entitled to the management of it, and that the administrator should transfer it to the guardian. *Gibbins* v. *Shepard*, 125 Mass. 541.

6. The next clause of the will is as follows: " I bequeath to my daughter Marion a trust deed on a saw-mill in the State

of Michigan, the town of Muskgeon, and a trust deed on A. D Hyde house and lot in Chicago, and also sixty shares of bank stock in the First National Bank of Chicago, to hold for her benefit aside from her husband." The only question properly before us under this clause is in regard to the legacy of sixty shares of bank stock. The question whether it is good as a devise of lands in Michigan and Illinois is one in which the administrator has no interest, and as to which, upon his bill, we are not called upon to express an opinion. At the time the testator made his will, he owned one hundred and eighty shares in the First National Bank of Chicago. He bequeathed, as above stated, sixty shares to his daughter Marion, and, by a subsequent clause of his will, in the same language, sixty shares to his daughter Ellen. After the will was made, he sold all this bank stock. The question whether this was an ademption of the two legacies depends upon the question whether the legacies were intended by the testator to be specific or general legacies. It is not, as in the gift to his wife, a bequest of certain specific bank shares held by him; he did not give to either or to both of his daughters the exact amount of the stock held by him in the Chicago bank; the will manifests a clear intention to make a substantial provision for each of his daughters, and an important part of this provision consists in this gift of bank stock. Under the circumstances of this case, we are of opinion that the subsequent sale of the stock in the Chicago bank held by him was not intended by the testator as a revocation of the bequests to his daughters, but that such bequests must be regarded as intended to be general pecuniary bequests. It follows that it is the duty of the administrators to procure and transfer to each daughter sixty shares of the bank stock, or to pay their equivalent in money.

7. The remaining clauses of the will which give rise to any question in this case are as follows: "I devise and bequeath to my son F. W. Goss one half of my interest in the property in the lands and machinery and effects in sash and blind factory in Chicago, State of Illinois," and "I devise and bequeath to my son-in-law W. B. Phillips one half of my interest in lands and machinery and effects in the sash and blind factory in Chicago, Illinois." The testator owned 727 shares in a corporation in

Chicago for the manufacture of sashes and blinds.   The corpo-ration was indebted to him in a large amount.   The legatees Goss and Phillips contend that they are entitled, not only to the testator's shares in said company, but also to all the debts due the testator at his decease from the corporation.   This claim cannot be sustained.   The testator's "interest in the property in lands and machinery and effects in sash and blind factory in Chicago" is represented by his stock.   The language used covers nothing more, and we cannot see any evidence of intention on his part that it should include the debt which the corporation owed to him.   We are of opinion that, under this clause, each legatee is entitled only to one half of the 727 shares of the capital stock of the corporation held by the testator at his decease.

We have thus considered all the questions presented by the administrator.   A decree may be drawn in accordance with these views, the form of which may be settled before a single justice.

*Decree accordingly.*

*G. Swan*, for the widow.
*C. G. Stevens*, for the son.
*W. S. B. Hopkins*, for the daughters.