JOHN P. SLADE & another, executors, *vs.* GEORGE H. TALBOT.

Bristol. October 27, 1902. — November 24, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Devise and Legacy.*

A legacy of a certain number of shares of a certain stock is a general legacy and not specific, unless otherwise shown to be so, especially when the number of shares owned by the testator is less than the number named, and in this case the executor must purchase the shares necessary to make up the number bequeathed.

BILL IN EQUITY, filed September 7, 1901, in the Probate Court for the County of Bristol, by the executors under the will of Alfred Pratt, late of Somerset, for instructions as to the construction of ten legacies of shares of stock in the Laurel Lake Mills of Fall River.

The paragraphs of the will containing the legacies in question were as follows :

" 1.  I give and bequeath to my nephews, to wit: To James Talbot of Dighton, five shares of the Laurel Lake Mills of Fall River; to Chester Talbot of Dighton, five shares of said Laurel Lake Mills ; to William Talbot of New Bedford, five shares of said Laurel Lake Mills ; to Charles Talbot of Dighton, one share of said Laurel Lake Mills ; to George Talbot of Norton, one share of said Laurel Lake Mills ; to Arthur Storer of Norton, the sum of twenty-five dollars ; to Andrew Pratt of Connecticut, the sum of one hundred dollars.

" 2.  I give and bequeath to my nieces and great-nieces, to wit: To Anna Simmons of Providence, Rhode Island, the sum of five hundred dollars ; to Lizzie V. Storer of Norton, six shares of the Laurel Lake Mills aforesaid ; to Marion Storer of Norton, the sum of twenty-five dollars ; to Nellie Talbot of New Bedford, the sum of twenty-five dollars ; to Mrs. William Talbot of New Bedford, the sum of twenty-five dollars ; to Rena Talbot of Dighton, the sum of twenty-five dollars ; to Annie Davis of Dighton, the sum of twenty-five dollars ; to Ethel Davis of Dighton, the sum of twenty-five dollars ; to Lena Davis of Dighton, the sum of twenty-five dollars ; to Minnie Davis of Dighton, the sum of twenty-five dollars."

" 5. · I give and bequeath to my nephews and great-nephews by my second wife, deceased, to wit: To Bennie C. Chace of Fall River, five shares of the Laurel Lake Mills aforesaid ; to R. Benton Gibbs of Fall River, one share of said Laurel Lake Mills ; to Samuel W. Gibbs of Fall River, one share of said Laurel Lake Mills ; to Bennie C. Chace, Junior, of Fall River, the sum of fifty dollars ; to Leonard S. Chace of Fall River, the sum of fifty dollars ; to Ernest G. Chace of Fall River, the sum of fifty dollars ; to Richard B. Chace of Fall River, the sum of fifty dollars.

" 6.  I give and bequeath to my nieces by my second wife,

deceased, to wit: To Etta G. Chace of Providence, Rhode Island, the sum of twenty-five dollars; to Amanda J. Gibbs of Steepbrook, six shares of the Laurel Lake Mills aforesaid; to Almie Brown of Fall River, the sum of twenty-five dollars."

The residuary clause was as follows:

"24. It is my will and purpose, and I hereby direct my executors hereinafter named to distribute all the rest, residue and remainder of my estate, real, personal and mixed, of whatever name or nature and wheresoever found, in accordance with the laws of the Commonwealth of Massachusetts for the distribution of estates of intestates."

The whole number of shares of stock in the Laurel Lake Mills named in the will was thirty-six. The testator at the time he made his will owned thirty-one shares of that stock, and at the time of his death, the capital stock of the corporation having been reduced, he held only twenty-five shares.

In the Probate Court *Fuller*, J. made a decree declaring that each legatee was entitled to recover the number of shares designated for him in the will, irrespective of the number of shares owned by the testator at his decease, and ordered the executors to purchase eleven shares of stock in the Laurel Lake Mills to make good the deficiency.

On appeal the case came on to be heard before *Lathrop*, J., who at the request of the parties reserved it upon the bill and an agreed statement of facts for the consideration of the full court, such order to be made as justice might require.

*W. E. Fuller, Jr. & C. C. Hagerty*, for the plaintiffs.

*F. S. Hall*, for the defendant.

LORING, J. This is a case where a testator, having at the time he made his will thirty-one shares, and at the time of his death twenty-five shares in the capital stock of a mill, made bequests of thirty-six shares of that stock. The residuary legatee contends that the legacies were specific, and that the residue should not be diminished by the executor buying the eleven shares necessary to make up the number of shares given by the testator. The thirty-six shares were made up of legacies to ten different persons. The first legacy was in the following terms: "To James Talbot of Dighton, five shares of the Laurel Lake Mills of Fall River;" and the other nine legacies were given in

similar words. The gift of the residue was "all the rest, residue and remainder of my estate, real, personal and mixed," etc.

It was held in *Johnson* v. *Goss*, 128 Mass. 433, and in *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, that the legacies there in question were specific, although the testator did not use the word "my" or an equivalent phrase in connection with the personal property given to the legatees. But there is nothing in the several legacies in question to indicate that the gift is a specific one; it is a legacy of so many shares of stock; that *per se* is a general legacy; *Bothamley* v. *Sherson*, L. R. 20 Eq. 304, 308; *Partridge* v. *Partridge*, Cas. temp. Talbot, 226; *Purse* v. *Snaplin*, 1 Atk. 414; *Hinton* v. *Pinke*, 1 P. Wms. 539, certainly where the number of shares given does not coincide with the number owned; *White* v. *Winchester*, 6 Pick. 48; *Metcalf* v. *Framingham Parish*, 128 Mass. 370, 373; *Johnson* v. *Goss*, 128 Mass. 433, 436. The residuary clause in the case at bar is just what the clause was not which was in question in *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, relied on by the residuary legatee; in that case the residuary clause was "the balance of my stock as per my stock-book, my furniture, and all other property not otherwise disposed of by me, I would have sold and the proceeds" distributed. Here the residue is "the rest, residue and remainder of my estate"; that is to say, what is left of my estate after the foregoing provisions of my will have been complied with.

A decree should be entered directing the executors to purchase eleven additional shares of the capital stock of the Laurel Lake Mills, and transfer to the several legatees the shares given them respectively.

*So ordered.*