(121 App. Div. 410.)

MANTON v. SOUTH SHORE TRACTION CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1907.)

1. STREET RAILROADS—RIGHT OF WAY—GRANT OF USE OF HIGHWAYS—TERMINATION OF RIGHT—CONSTRUCTION OF FRANCHISE.

Where a grant to a street railway company of a right of way over certain roads of a town by the highway commissioners thereof was upon condition that at least one track should be completed within two years, otherwise the right should cease, except in case of delay by injunction, legal proceedings, or any cause beyond the control of the company, the last clause of the provisions was to provide for interference of the courts, or other acts of interference over which the company had no control, and which were not then known, and the company was not entitled to any extension because it failed to obtain consent of property owners or the right of way through private property where it had the legal right to force its way.

2. SAME—REVIVAL OF FRANCHISE.

Where the company accepted the franchise, but took no other action until after the expiration of the two years, the franchise ceased to exist, and, if the company subsequently desired to build the road, all of the steps for obtaining an original franchise would have to be repeated.

3. SAME—EFFECT OF WAIVER OF TIME FOR FILING BOND.

The fact that the franchise provided for giving bond, and that the highway commissioners attempted to waive the time for filing it on application of the company made after the expiration of the two years, could have no effect so far as extending the franchise was concerned.

4. INJUNCTION—PRELIMINARY INJUNCTION—GROUND FOR CONTINUING.

Where a street railway company does not begin to construct its road until after its franchise therefor has expired, a taxpayer and owner of property abutting on the line of the proposed road under process of construction is entitled to a continuance of a temporary injunction during the pendency of an action to perpetually enjoin the construction of the road.

Hooker, J., dissenting.

Appeal from Special Term.

Action by Mark F. Manton against the South Shore Traction Company. From an order overruling a motion to continue the preliminary injunction (104 N. Y. Supp. 612), plaintiff appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Charles A. Collin, for appellant.
Clarence Lexow, for respondent.

WOODWARD, J.  The plaintiff is an abutting property owner and taxpayer upon the line of the defendant's street surface railroad, now in process of construction, and he brings this action to perpetually enjoin and restrain the respondent from constructing and operating its railway in the town of Islip, Suffolk county.  The respondent is a duly organized company for the purpose of constructing and operating a street surface railroad from a point on the Connecticut river in the county of Suffolk, through the town of Islip, to the New York City line.  On the 15th day of June, 1903, the highway commissioners of Islip, being the local authorities having charge of such highways, granted to the respondent the permission required by the statutes and Constitution of this state for the use of a portion of the South country road and other highways, including Wheelers road and Railroad avenue. Among the conditions imposed upon the granting of this permission was one that the grant should be accepted by the company within 60 days, which was done, and that "at least one track of the railroad line of the South Shore Traction Company shall be constructed and in operation across the town of Islip within two years from the date of the granting of this franchise, otherwise all rights and privileges under this franchise shall cease and determine, but in case of delay by injunction, legal proceedings or any cause beyond the control of the said South Shore Traction Company, the period of such delay shall be added to the time named within which the said track is to be constructed."

Obviously the purpose of the last clause of this provision was to provide, not for conditions of delay then known to the parties, such as the fact of certain of the highways being under the provisions of special acts of the Legislature, etc., but for the interference of the courts or other acts of interference over which the company had no control, and which were not then known.  This is a place for the application of the rule of ejusdem generis, that words of a general nature, following those of a particular character, are not to be deemed to enlarge the grant beyond the fair scope of the particular words.  See Johnson v. Goss, 128 Mass. 433; Matter of Reynolds, 124 N. Y. 388, 397, 26 N. E. 954, and authorities there cited; Morton v. Woodbury, 153 N. Y. 243, 253, 47 N. E. 283.  To say that the defendant is entitled to any extension of its time, because it failed to secure consents of property owners, or because it did not succeed in getting rights of way through private property, where it had the full legal right to force a right of way, is to read into the franchise at this time a condition which could not have been contemplated by the parties at the time of making the grant, for both parties must be deemed to have entered into the arrangement with reference to the law as it then stood.  They both, in legal presumption and in fact, knew that there was a special act of the Legislature requiring different conditions than those which prevailed in general for the granting of consents by abutting property owners, and they knew that it might be necessary to overcome this by taking private property for a right of way; and to say that this franchise was extended in time

on this account, where no such provision is expressed in the franchise, is to enlarge the scope of the grant beyond the point fairly within the contemplation of the parties, and beyond the moral right of the commissioners of highways to grant, for it is not to be presumed that highway commissioners, with a term of three years, are to be permitted to give consents for the use of highways to become operative long after their terms of office have expired. The local consent contemplated by the Constitution and the statutes is a consent to do something presently, within a reasonable time from the making of the grant; and, when the highway commissioners in 1903 granted permission to construct a street surface railroad, and to have it in operation within two years, provided the corporation was not interfered with by some action of the courts or other power of a like nature beyond its control, they had exhausted their powers in the matter. The corporation accepted the grant under the conditions named. It was to construct its road and have at least one track in operation across the town within two years, under the penalty of losing its rights under the grant. Two years was ample time for the performance of these conditions, if the company was not interfered with by a superior power, and it was not, and it is difficult to understand by what process of reasoning it can be held that the franchise under which the defendant took no action until December, 1906, did not "cease and determine" two years from its date. The franchise provided for the giving of a bond for the performance of the conditions, but it appears from the record before us that, with the exception of accepting the terms of the franchise within 60 days of its adoption, which was an acceptance of its terms as to forfeiture or abandonment as well as its privileges, the defendant company took no action whatever toward the construction of its lines through the town of Islip, and it was not until the 19th day of December, 1906, that it made an application to the highway commissioners asking for a waiver of the time required for the filing of the bond. On the 10th day of April, 1907, without having taken any of the steps required by section 92 of the railroad law (Laws 1890, p. 1109, c. 565, as amended by chapter 676, p. 1382, Laws 1892, and section 1, c. 434, p. 908, Laws 1893), the highway commissioners met and adopted a resolution, waiving the time, so far as they were capable of doing, for giving the bond, and it is upon the foundation of this waiver that the defendant claims the right, questioned by the plaintiff in this action, to construct its road in front of the premises owned by the plaintiff, his fee going to the center of the highway proposed to be used by the defendant.

It seems to me that two years from the 15th day of June, 1903, or on the 16th day of June, 1905, the original franchise ceased to exist. The corporation had abandoned it. The franchise by its terms, and without any action on the part of either of the parties, ceased to be. It was as though no action had ever been taken. The corporation had paid nothing for the grant. It had made no investments upon the faith of the grant and been prevented from realizing the benefits. It had simply failed to take any action to keep the grant in force, and at the end of two years the franchise ceased absolutely by its own terms, and by every consideration of public policy and private good faith. When in December, 1906, the defendant concluded that it wanted to use the

highways in the town of Islip, it stood in exactly the same situation that any other company duly organized and having the necessary certificate would stand. It was its duty to make application to the highway commissioners for the permission, and it was the duty of the highway commissioners to give public notice of such application, and to comply with all the terms of section 92 of the railroad law. It was necessary to the jurisdiction of the highway commissioners to grant any permission to the defendant that there should be a compliance with the provisions of section 92 of the railroad law, and the mere meeting of the commissioners and the adoption of a resolution to waive the element of time was of no more force and effect than would have been a resolution adopted by the local pedro club. Whatever jurisdiction the highway commissioners of 1903 had had been exercised, and the permission then granted had expired by the limitations mutually agreed upon. A new application was necessary, and that application, to give the highway commissioners any power to surrender the rights of the public in the highways of the town to a corporation, must be made in the manner pointed out by law. This was not done, and the highway commissioners of 1907 had no possible relation to those of the year 1903, even though they might be the same individuals, and they could not revive a franchise which had ceased to exist.

Whatever might have been the effect of the attempted transfer of the franchise of another corporation, the defendant is not here relying upon that franchise. It attempts to support its position upon the strength of the so-called waiver of the highway commissioners and the revival of the old franchise, and this motion should be determined upon the merits, as was attempted to be done at the Special Term. The highway commissioners, acting only under statutory authority, have no right to waive the rights of the public. They could only grant permission for the use of the highways in the manner pointed out by the statute. The defendant not having any rights in the highway under its so-called franchise, the plaintiff, as an abutting owner, has a right to insist that the defendant shall not trespass upon his premises.

He is fairly entitled to the continuance of the preliminary injunction during the pendency of the action; and in my opinion the order appealed from should be reversed, and the motion to continue the injunction should be granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. GAYNOR and RICH, JJ., concur. HIRSCHBERG, P. J., concurs in result. HOOKER, J., votes for affirmance on the opinion of Thomas, J., at Special Term. 104 N. Y. Supp. 612.