MAINE SAVINGS BANK, In Equity

*vs.*

ARTHUR D. WELCH AND WILLIAM B. MAHONEY as administrators of the Estate of Margaret F. Fell and James P. Jordan.

Cumberland.    Opinion December 23, 1921.

*An entry on a deposit account in a bank as follows: "A or B, pay either or survivor" does not constitute a testamentary disposal, as it is neither a gift inter vivos, nor a donatio causa mortis, not being fully executed before the decease of the donor.*

The estate in controversy consisted of money in the Maine Savings Bank represented by a bank book and prior to about March 12, 1918 stood in the name of Margaret F. Fell. On or about that date she caused an entry to be made on her deposit account so that said account stood as follows:

"Margaret F. Fell or James P. Jordan, pay either or survivor."

*Held:*

1.  That there is but one way of making a testamentary disposition of property and that is by will.

2.  That a gift inter vivos, or a donatio causa mortis, must be fully executed before the decease of the donor.

3.  That the unfortunate undertaking of Miss Fell to dispose of her property so that the title might vest in her donee after her decease, and, at the same time to retain in herself the right to use any or all of it during her life, was an attempted testamentary disposal.

On appeal. A bill of interpleader brought by plaintiff bank against the administrators of the estate of Margaret F. Fell, deceased intestate, who claimed the fund in dispute as the property of the estate of intestate, and one James P. Jordan, who claimed the fund as a gift from intestate either as a gift inter vivos or as a donatio causa mortis. The funds in dispute at the time of the death of intestate were on deposit in plaintiff bank. Prior to about March 12, 1918 the account stood in the name of intestate. On or about that date intestate caused the following entry to be made on her deposit account; "Margaret F. Fell or James P. Jordan, pay either or survivor." Upon a hearing on the bill and answers the presiding Justice found that the administrators were entitled to the two thousand and forty dollars, with accrued interest, the fund in dispute on deposit with plaintiff bank, and James P. Jordan appealed. Appeal denied. Decree of the sitting Justice affirmed.

The case is fully stated in the opinion.

*Verrill, Hale, Booth & Ives,* for Maine Savings Bank.

*Jos. E. F. Connolly,* for Arthur D. Welch and William B. Mahoney, Adm'rs.

*William H. Gulliver, and John B. Thomas,* for James P. Jordan.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

SPEAR, J. This is a bill of interpleader by the Maine Savings Bank of Portland against Arthur D. Welch and William B. Mahoney, administrators of the estate of Margaret F. Fell and James P. Jordan, claimant, all of Portland.

The administrators claim the estate by virtue of their official appointment and Jordan claims it either as a gift inter vivos or as a donatio causa mortis, as the fact may appear.

The estate in controversy consisted of money in the Maine Savings Bank represented by a bank book and prior to about March 12, 1918 stood in the name of Margaret F. Fell. On or about that date she caused an entry to be made on her deposit account so that said account stood as follows:

"Margaret F. Fell or James P. Jordan, pay either or survivor."

There is a stipulation in the case that the answers of each of the defendants shall be taken as and for their pleadings.

There is no controversy with respect to the purpose and intention of Margaret Fell in adding the name of Mr. Jordan as payee to her deposit account.

The sitting Justice has found and the evidence discloses that it was her intention, by adding Mr. Jordan's name, to vest in him after her decease title to the money represented by her bank book. The evidence further discloses as was found by the sitting Justice that in view of the intimate relation between herself and her niece, Catherine H. Jordan, wife of the claimant, that she really intended by this transaction to convey her bank account to her niece.

Upon these facts the appellant invokes the reasonable and usual rule of interpretation that effect should be given to the intention of the parties to a transaction written or oral. But that rule has its necessary and well defined exceptions in all such proceedings and especially with respect to the transfer of all kinds of property.

There is but one way of making a testamentary disposition of property and that is by will; the statute of wills was invented and adopted for the express purpose of establishing a legally defined procedure to be employed in giving post mortem effect to an ante mortem disposal of property.

A gift inter vivos, or a donatio causa mortis, must be fully executed before the decease of the donor. In the latter case the gift must be perfected by delivery with all the formalities necessary to a gift inter vivos, although subject to revocation before the decease of the donor. Otherwise the door, through which real and personal property, must pass, would be left, not merely ajar, but propped wide open, to every species of fraud that ingenuity in the invention of evidence might be

able to devise. Hence, to give stability and certainty to the transmission of property definite modes of transfer had to be established by law.

The unfortunate undertaking of Miss Fell in the present case to dispose of her property, so that the title might vest in her donee after her decease, and at the same time to retain in herself the right to use any or all of it during her life, was clearly an attempted testamentary disposal, which could be accomplished only by a will. It was also inconsistent with a gift, causa mortis.

Accordingly, however inclined, the court might be to give effect to the intention of Miss Fell in her attempted disposal of her bank account, it feels itself unable legally to do so.

We can give no better or more comprehensive resume of the evidence and the law than is found in the decision of the sitting Justice from which we quote as follows:

"From the evidence we are satisfied and so find that the adding of the defendant, Jordan's, name to her accounts and the later directions given were all done in apprehension that her death might result from her sickness."

The evidence, however, clearly discloses, we think, not a gift in presenti, either inter vivos or causa mortis, but an attempted testamentary disposition of her property after death.

She had long had in mind adding the name of her niece or her husband to her bank accounts and making them payable to the survivor in case of her death, not with a view to surrendering up her control over them during her lifetime, but upon the understanding that at her death the money would then go to her niece.

We do not find that the acts done on Tuesday morning when the orders were signed were done with a view to relinquishing her rights in or control over the bank deposits during her lifetime, but only in case anything happened to her. The bank books were delivered to Jordan not for the purpose of then passing title to him either in his own right as a joint owner, or as trustee for his wife after the death of Miss Fell, but for the purpose of having the transfers made at the Banks. She requested him to retain them not because she then considered the funds as belonging to him even jointly with her, but for convenience so that in case she needed any money he could draw it for her.

Nor did the acts of Wednesday morning have any other significance or purpose than the disposition of her effects and the conduct of

her affairs after her death, and amounted to no more than an attempted testamentary disposition of her property which can only be done by a valid will.

To constitute a valid gift either inter vivos or causa mortis, there must be the intent to absolutely surrender all control over the gift by the donor, subject in case of a gift causa mortis to revocation during lifetime and conditioned upon the death of the donor.  *Barstow et als.* v. *Tetlow*, 115 Maine, 96.

For the same reason we think her acts did not create a trust, as such a purpose, if she had it, was not executed in her lifetime, but at best was purely executory to be consummated after her death.

While her intent was clear that her niece should have the bulk of her property she failed to adopt a course in attempting to carry it out that can be upheld without opening the door to the perpetration of great frauds, though none was practiced in this case.

Donations made, not in conformity with the statute of wills and frauds, but suited to contravene them are not favored in law, but are admitted with greatest caution.  *Farnsworth* v. *Whiting*, 106 Maine, 430.   We hold the acts of the deceased to be only an ineffectual attempt at a testamentary disposition of her property.

This case presents only a question of law as it involves a conclusion from uncontraverted facts.   There is no legal fault with the decision declared by the sitting Justice.   The entry must be.

> *Appeal denied.*
> *Decree of sitting Justice*
>    *affirmed.*