FRANCES EDDY ET AL *vs*. EMILY PINDER.

Cumberland.     Opinion, April 2, 1932.

140

*Ralph O. Brewster*, for plaintiffs.
*Frank M. Libby*, for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farring-
ton, Thaxter, JJ.

PATTANGALL, C. J.   On report. Bill in Equity brought by the heirs of Hiram E. Eddy to remove a cloud from title to certain real estate of which it is alleged he died possessed.

Mr. Eddy died intestate on March 1, 1929. After his death a deed executed by him on June 9, 1924, purporting to convey to defendant the property in question, was duly recorded. The bill alleged that the deed was procured by fraud, but no evidence was offered which even tended to substantiate that allegation. The case was tried and argued on the issue of whether or not the deed was void for want of delivery.

The record shows that the deed was prepared by an attorney at law who had represented Mr. Eddy in the settlement of his wife's estate and after having been executed was deposited with the attorney with instructions to deliver it to defendant after the grantor's death. These directions were followed.

There is no question of escrow involved here. "An escrow is a deed delivered to a stranger to be delivered by him to the grantee upon the performance of some condition or the happening of some contingency." *Hubbard v. Greely*, 84 Me., 348.

Delivery of a deed to a third person by the grantor, to be held until the grantor's death and then to be delivered by the third person to the grantee, may under certain circumstances be sufficient to pass title. Such an arrangement differs from an escrow in the fact that a delivery in escrow is dependent upon the happening of some event and not upon the lapse of time. *1 Devl. Deeds*, Sec. 280.

"Whether putting a deed into a third person's hands is a present delivery or an escrow depends upon the intent of the parties. If the delivery depends upon the performance of a condition, it is an escrow; otherwise it is a present grant though it be to wait the lapse of time or happening of an event. If it is to be delivered at the grantor's death, it is a present deed and a quitclaim by the grantee, intermediate, would pass his estate." *Washburn on Real Property*, Fifth Edition, Vol. 3, Pages 319, 320.

Delivery to a third person to be delivered to the grantee after grantor's death, without any reservation by the grantor of a right to recall it, is sufficient in law and effects a complete transfer of the title to the property, and such delivery may be sufficient although

no prior authority has been given by the grantee to receive the deed if the grantee subsequently assents. *Tripp* v. *McCurdy,* 121 Me., 196.

But to constitute delivery, the grantor must part with the possession of the deed and the right to recall. "It must pass beyond the control or dominion of the grantor. He can not transfer his property after his decease by deed. The statute of wills or of descent governs all property not disposed of during the lifetime of the owner. So far as the grantor is concerned, acts or words, either or both, whereby he in his lifetime parts with all right of possession and dominion over the instrument with the intent that it shall take· effect as his deed and pass to the grantee, constitute delivery of· a deed and nothing less will suffice." *Brown* v. *Brown,* 66 Me., 321.

"To make the delivery good and effective, the power of dominion over the deed must be parted with. Until then the instrument passes nothing and gives no title. It is nothing more than a will defectively executed and void under the statute. So long as it is in the hands of a depositary subject to be recalled by the grantor at any time, the grantee has no right to it and can acquire none, and if the grantor dies without parting with his control over the deed, it has not been delivered during his lifetime and after his decease no one can have the power to deliver it." *Shed* v. *Shed,* 3 N. H., 432.

"Whether or not delivery to a third person is absolute and irrevocable, or qualified and revocable, depends in the first instance upon the intention of the grantor, and is to be gleaned from his words and acts at the time, the attendant circumstances, and his subsequent conduct." *Tripp* v. *McCurdy,* supra.

The instant case is singularly bare of evidence from which any inference as to the intent of the grantor can be drawn. The record shows nothing more than the execution of the deed, the delivery to one who had at one time acted as attorney for the grantor in his capacity as administrator, who drew up the deed at grantor's request, and the instruction to deliver it to defendant at grantor's death.

. If the depositary is assumed from these circumstances to be the agent or attorney of grantor, there was no delivery. The possession of the deed by the agent would be possession by the principal, and

the agent's authority to deliver the deed would cease at the death of the principal; but the decision of this case need not and does not rest on the narrow ground of such an assumption.

While the possession and production of a deed by the grantee is *prima facie* evidence of its having been delivered, *Eagan* v. *Horrigan*, 96 Me., 51, when it is ascertained that the possession was acquired after the grantor's death, the presumption disappears.

"The possession and production of a deed by the grantee is *prima facie* evidence of delivery, but the presumption is the other way where it remained in the possession of the grantor during his lifetime though it has been recorded since his death.

"A deed intended by the grantor to take effect only as a testamentary disposition of his property and retained by him in his own possession without delivery until his decease passes no title from him to the grantees named in it." *Patterson* v. *Snell*, 67 Me., 560. And the same is true if it was in the possession either of grantor's agent or attorney or some third person from whom he might demand its return at any time that he desired.

The delivery is good only when the grantor parts with all dominion over the deed, reserving no right to recall it or alter its provisions. On such delivery title passes immediately to the grantee, the right of possession and enjoyment being delayed. The situation of the parties is exactly as though grantee had received her deed and grantor had received from her a life lease of the property. *Kirby* v. *Hulette*, 174 Ky., 257, 192 S. W., 63.

Such a method of disposing of real property being in contravention of the law governing testamentary devises, and the fact that irrevocable delivery of the deed prevents the grantor, regardless of changed conditions, from availing himself of what might be a valuable asset in time of need, or in the event of changed relations between himself and his grantee, altering in any way the conveyance which he has made or the terms thereof, to constitute effective delivery it must clearly appear that the grantor's intention was that the deed should presently become operative and that he intended to divest himself of all control over the deed. *Linn* v. *Linn*, 261 Ill., 606, 104 N. E., 229; *Johnson et al* v. *Fleming*, 301 Ill., 139, 133 N. E., 667; *Fine* v. *Lasater*, 110 Ark., 425, 161 S. W., 1147.

"Unless therefore we are able to discover from this record that the grantor absolutely parted with all control over the deed and intended it to operate as a present conveyance subject to his life interest, we must adjudge the instrument void for want of delivery." *Arnegaard* v. *Arnegaard,* 7 N. D., 475, 75 N. W., 797, 804.

"The evidence must show that the owner intended to divest himself of the right to withdraw, revoke, or control the instrument as completely as though he were delivering it to the person named as grantee, and by words or act expressly or impliedly acknowledged his intention." *Saltzsieder v. Saltzsieder,* 219 N. Y., 523, 114 N. E., 856.

"The fact that the grantor handed a deed to the depositary, with instructions to the latter to keep the same and give it to the grantee when he (grantor) was dead, which instructions were followed by the depositary, would not alone necessarily lead to the conclusion that it was the intention of the grantor to vest a present title in the grantee." *Williams* v. *Kidd,* 170 Cal., 631, 151 Pac., 1.

The record in the instant case contains nothing in the way of words or acts which indicates even in the slightest degree an intention on the part of the grantor to make an irrevocable conveyance of the property in question on the day the deed was executed. On the contrary, the fact that so far as the record shows, no one knew of the transaction excepting the grantor and one who had acted for him as counsel, with whom the deed was left; that the effect of an irrevocable transfer was not explained to the grantor; that nothing was said by him excepting merely to give directions as to the delivery of the deed after his death, lead to the conclusion that the grantor was attempting to do by means of a deed that which could only be accomplished through the medium of a will. No effective delivery of the instrument having been shown, defendant takes no title to the property. Plaintiffs are entitled to the relief prayed for.

*Bill sustained.*
*Decree accordingly.*