FALL RIVER NATIONAL BANK, administrator with the will annexed, *vs.* J. EDMUND ESTES & others.

Bristol.    April 7, 1932. — May 25, 1932.

Present:. RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Gift. Trust. Devise and Legacy*, General, Specific. *Executor and Administrator. Probate Court*, Findings by judge.

At the hearing in a probate court of a petition for instructions by the executor under a will, it appeared that the testator had purchased fifteen shares of stock in a certain corporation with his own money and had caused the certificate therefor to be issued in the name of his granddaughter; that she was informed of the transaction and assented thereto; that she, agreeing that the testator should receive the dividends on the shares during his life, instructed the corporation to pay them to him during his life and to her after his death; that the testator retained possession of the certificate; that in the will, executed three years after such purchase, the testator gave to a trustee for the benefit of the granddaughter, among other property, fifteen shares of the stock of the same corporation; and that the testator at the time of his death had no shares of such stock standing in his own name. *Held,* that

(1) A conclusion by the judge of probate that there was a perfected gift by the testator to the granddaughter of the fifteen shares purchased in his lifetime, was warranted: the retention of the dividends by the testator during his lifetime was not inconsistent with a perfected gift of the shares;

(2) A finding by the judge, that the testator had constituted himself a trustee of the certificate for such shares, did not mean that he held title to the shares as trustee, but merely that he held the certificate itself with an obligation to deliver it in accordance with his agreement with the granddaughter;

(3) A conclusion by the judge, that he was unable to find that the

fifteen shares given by the testator in his will to his trustee thereunder were the same shares which the testator had purchased in his lifetime, was not erroneous;

(4) It was proper to instruct the executor that it was his duty to purchase fifteen shares of stock in the corporation to be transferred to the trustee under the will.

PETITION for instructions, filed in the Probate Court for the county of Bristol on July 15, 1931, by one of the administrators with the will annexed of the estate of Caroline A. Estes, late of Fall River, against the other two administrators with the will annexed and certain other respondents, the petitioner alleging, among other things, that his co-administrators had refused to join in the petition.

The petition was heard by *Hitch*, J. Material facts found by the judge and a decree entered by his order are described in the opinion. Certain of the respondents appealed.

*C. A. Terry*, stated the case.

*A. E. Seagrave*, for J. Edmund Estes and another.

*W. E. Fuller*, for the guardian *ad litem* and others.

SANDERSON, J. This is an appeal from a decree of the Probate Court instructing the administrators with the will annexed of the estate of Caroline A. Estes that it is their duty to purchase seventy-five shares of the stock of the Providence Gas Company to be transferred to the trustee under the tenth clause of the will for the benefit of Caroline Jennie Salter.

Mrs. Estes by her will, executed in 1926, bequeathed to her granddaughter, Caroline J. Salter, in trust, fifteen shares of the capital stock of the Providence Gas Company. Following her death it was learned that Mrs. Estes had none of this stock standing in her name, but that she was in possession of a certificate for fifteen shares thereof which she had purchased in 1923, and had caused to be issued in the name of Caroline J. Marr (now Salter). Upon the death of the testatrix Mrs. Salter claimed these shares, and the same were turned over to her as her own property. The stock was purchased in these circumstances: In 1900 the mother of Mrs. Estes had devised to her certain real estate for life, with remainder to her children, J. Edmund Estes,

Elmer B. Estes and Jennie L. Marr.  Sometime later the real estate was sold and the proceeds were invested in ninety shares of Providence Gas Company stock.  A block of one hundred five shares of this stock was then for sale; Mrs. Estes advanced money of her own to pay for fifteen shares, and thus the total of one hundred five shares was purchased. Mrs. Estes caused the ninety shares to be issued as follows: thirty to J. Edmund Estes, thirty to Elmer B. Estes, and thirty to Jennie L. Marr.  At the same time she caused the certificate for fifteen shares to be issued in the name of her granddaughter Caroline J. Marr, now Salter, who was fully informed of the transaction and assented thereto.  All four, in each of whose names a certificate was made out, agreed that the testatrix should receive the dividends on this stock during her life and they all signed an approval of instructions to the gas company that during the life of Mrs. Estes she should receive the dividends from the stock and that upon her death the dividends should then be mailed by the corporation directly to the several stockholders.  The testatrix retained possession of the certificates without delivering any of them to the persons in whose names they were made out.

The trial judge found that by virtue of the mutual agreements Mrs. Estes had constituted herself trustee of the certificates for the parties entitled thereto.  No question is raised but that the three thirty-share certificates belong to the parties named thereon.  The trial judge found that there was a perfected gift of the fifteen shares from Mrs. Estes to Caroline J. Salter at the time of their purchase; that Mrs. Salter consented and agreed that during the lifetime of the testatrix she might hold the certificate of stock and receive the dividends.  He also stated that he was unable to find that the fifteen shares of stock given in the will of Mrs. Estes in trust for Mrs. Salter were the fifteen shares of stock purchased in 1923.

The tenth clause of the will of Mrs. Estes is in the following terms: "To said Frederick E. Bemis, trustee herein named, thirty shares of the capital stock of the Charlton Mills, thirty shares of the capital stock of the Davis Mills,

fifteen shares of the capital stock of the Providence Gas Company, to be held strictly in trust and to pay the income derived therefrom to my granddaughter, Caroline Jennie Salter, until she shall become thirty-seven years of age at which time said trust shall be terminated and I give said shares of stock to her absolutely.  Should she die before reaching such age said shares shall continue to be held in trust until each surviving child of hers shall become twenty-one years of age at which time I direct that said trust shall be gradually terminated and I give the same to such child or children as are then living, in equal shares."

The finding of the trial judge that there was a perfected gift from Mrs. Estes to Mrs. Salter of the fifteen shares at the time of their purchase in 1923 must stand.  It is not inconsistent with or controlled by the other findings made. The finding that by virtue of the mutual agreements Mrs. Estes constituted herself trustee of the certificates for the parties entitled thereto does not mean that she held as trustee the title to the shares which the certificates represented, but merely that she held the certificates themselves with an obligation to deliver them in accordance with the terms of the agreement.  See *Sherman* v. *New Bedford Five Cents Savings Bank*, 138 Mass. 581.  In the circumstances disclosed by the record a perfected gift could have been found, notwithstanding the fact that Mrs. Estes did not deliver the certificates to the persons in whose names they were issued.  She was permitted to hold the certificate issued in the name of Mrs. Salter but she had no title to the shares represented by it.  She, with her granddaughter's assent, had caused the latter to appear upon the books of the corporation as owner of fifteen of these shares with the rights and obligations of such owner of record.  G. L. c. 155, § 29. See *Leonard* v. *Boston Five Cents Savings Bank*, 278 Mass. 36, 42; *Beecher* v. *Major*, 13 L. T. R. (N. S.) 54.  Mrs. Salter asserted her title to the shares as owner, and Mrs. Estes and the corporation recognized that title by the orders made concerning dividends and the payments thereof. Mrs. Estes could be found to have relinquished to her granddaughter all present and future dominion and control of the

shares of stock except in so far as the granddaughter had authorized her to retain possession of the certificate and to receive dividends for life. The intent to give and the act of giving could be found to be complete. See *Adams* v. *Brackett,* 5 Met. 280; *Brine* v. *Parker,* 271 Mass. 86. The retention of dividends for life is not inconsistent with a perfected gift. *Stone* v. *Hackett,* 12 Gray, 227. *Bone* v. *Holmes,* 195 Mass. 495.

It is not disputed that if any shares are to be purchased by the administrators the number should be seventy-five instead of fifteen because of the fact that after the death of the testatrix the Providence Gas Company gave to each stockholder five shares of stock for each share then held by him. When Mrs. Estes made her will she knew that she held the legal title to no shares of stock in the Providence Gas Company, and that her only right therein was to hold the certificate and receive the income for life. We find no error in the conclusion of the trial judge that he was unable to find that the fifteen shares given the trustee for Mrs. Salter were the fifteen shares purchased in 1923.

In *Tomlinson* v. *Bury,* 145 Mass. 346, 347–348, the court said: "A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator, so that it can be identified. It can only be satisfied by the thing bequeathed; if that has no existence, when the bequest would otherwise become operative, the legacy has no effect." There is nothing in the legacy in question "to indicate that the gift is a specific one; it is a legacy of so many shares of stock; that *per se* is a general legacy . . . certainly where the number of shares given does not coincide with the number owned." *Slade* v. *Talbot,* 182 Mass. 256, 259. The bequest being general could be satisfied either by the purchase by the administrators of the requisite number of shares and delivery of them to the trustee, as in *Slade* v. *Talbot,* 182 Mass. 256, or by giving them the option to make such delivery or to pay to the trustee the amount of money with which the specified number of shares could be purchased, as in *Johnson* v. *Goss,* 128 Mass. 433, 436. The case is distinguishable in its

facts from *White* v. *Winchester*, 6 Pick. 48, *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 373, and *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76.

*Decree affirmed.*