ALICE M. HILL, EXECUTRIX
WILL OF PAUL ·S. HILL

*vs.*

PAUL S. HILL, JR., AND
TRULL HOSPITAL

York.   Opinion, July 12, 1949.

*Berman, Berman & Wernick,*
*Vincent L. Hennessy,* for plaintiff.

*Linnell, Brown, Perkins,*
*Thompson and Hinckley,* for defendant, Paul S. Hill.

*Margaret Currie,* for Trull Hospital.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, WILLIAMSON, JJ.

WILLIAMSON, J. The case arises on appeal from a decree in equity upholding a gift *inter vivos* of certain corporate stock by plaintiff's testator (the donor) to the defendant, Paul S. Hill, Jr. (the donee). Delivery of the stock is not in dispute. The issue is: Was there error in finding the donor had the requisite intention to make a valid gift *inter vivos?* The appeal is sustained.

The donor was the owner of one-half of the capital stock, or one hundred and fifty shares, of the Trull Hospital, a corporation. In 1941 he conferred with an attorney at law about the disposition of his estate. The attorney was requested to accept delivery of the certificate representing the one hundred and fifty shares of stock and "to hold that certificate during his life and upon his death to deliver it to his son, Stanley Hill, Jr. (the donee)." The attorney testified: "He (the donor) said he wanted to fix his affairs for his son and his wife in a manner which would cause them the least inconvenience after he died;" and further, "He (the donor) said he wished to fix things for his widow and his son with the least inconvenience to them. He said that making the stock over to be held until his death and executing the deed to be held until his death would enable his son, upon his death, to have possession of the stock in the course of the administration of the hospital, and would enable his wife to have immediate possession of the Pool property; then they would not be obliged to wait for the course of administration."

The attorney informed the donor "that he, of course, was putting that (meaning the stock) entirely out of his hands, out of his control, it would have to remain so;"

The stock, which bore an assignment in usual form to the donee, was placed by the donor in an envelope on which the

attorney had typed the following inscription with the name of the attorney:

> "This envelope contains Certificate of Stock, Trull Hospital, 150 shares, Paul S. Hill, dated November 16, 1923, assigned to Dr. Paul Stanley Hill, Jr. March 15, 1935, for delivery to Dr. Paul Stanley Hill, Jr. upon the decease of Paul S. Hill. Delivered to me this second day of April, 1941 by Paul S. Hill for delivery as above stated."

The envelope was sealed and delivered by the donor to the attorney, who retained possession until after the donor's death. At the same time the attorney gave to the donor a signed receipt, as follows:

> "Received from Dr. Paul S. Hill one Certificate of Stock, Trull Hospital, one hundred and fifty shares, dated November 16, 1923, for delivery according to instructions given.
> April 2, 1941."

As part of the same transaction, the donor requested the attorney to prepare a deed conveying certain real estate to his wife, to be held by the attorney during his lifetime and delivered upon his death to his wife, and a will leaving his entire estate to his wife.

On the following day the deed and will were executed and were left with the attorney. The will, which was allowed in 1947, reads insofar as the donee is concerned, as follows:

> "I leave my best wishes to my son, Paul S. Hill, Jr., who is well situated in life and whom I have gladly assisted."

From the delivery of the stock in 1941 until his death in 1947, the donor continued his active interest in the management and operation of the Hospital. Negotiations by the donor for the sale of the Hospital were in progress at the time of his death.

So far as the record discloses, the delivery of the stock and the instructions to the attorney were known only to the donor and the attorney.

There is no suggestion of fraud in the case and, as before stated, the issue is whether or not the donor at the time the stock was delivered to the attorney had the requisite intenion to make a valid gift *inter vivos*.

The law applicable to gifts *inter vivos* is fully stated in *Rose* v. *Osborne,* 133 Me. 497, 500-501; 180 A. 315, 317.

> "To constitute a valid gift *inter vivos* the giver must part with all present and future dominion over the property given. He can not give it and at the same time retain ownership of it. There must be a delivery to the donee or to someone for the donee and the gift must be absolute and irrevocable without any reference to its taking effect at some future period." *Norway Savings Bank* v. *Merriam, et als.,* (88 Me. 146) on page 149; 33 A. 840, 841.

> "Delivery to the donee is not enough unless accompanied with an intent to surrender all present and future dominion over the property. The burden to prove the gift is on the donee."

In *Barstow, et als.* v. *Tetlow, Aplt.,* 115 Me. 96, 99; 97 A. 829, 831, the court said:

> "If the intention be that the gift is to take effect only at the death of the donor it is ineffectual, because that would be an attempted testamentary disposition of property which can be accomplished only by means of a valid will."

The retention of a life interest in the property by the donor does not defeat a gift. For example, dividends on stock. *In re Chapple's Estate,* 332 Pa. St. 168; 2 A. (2nd) 719; 121 A. L. R. 422; *Woolley* v. *Taylor,* 45 Utah 227; 144 P. 1094; *Fall River National Bank* v. *Estes,* 279 Mass. 380; 181 N. E. 242.

The requisite intention, as set forth in *Eddy* v. *Pinder,* 131 Me. 139, 143; 159 A. 727, must clearly appear; and evidence of such intention, for reasons stated in *Gledhill* v.

*McCoombs,* 110 Me. 341; 86 A. 247; 5 A. L. R., N. S. 726; Ann. Cas. 1914 D. 294, should be full, clear and convincing.

In *Tripp* v. *McCurdy,* 121 Me. 194; 116 A. 217, involving a gift *inter vivos* by a deed delivered to a third party, Chief Justice Cornish, after pointing out that the intent of the grantor or donor is the controlling factor, said on Page 197:

> "Whether or not delivery to a third person is absolute and irrevocable or qualified and revocable depends in the first instance upon the intention of the grantor, and that is to be gleaned from his words and acts at the time, the attendant circumstances and from his subsequent conduct."

The intention of the donor to make an absolute, irrevocable, and complete delivery of the stock rests upon the inferences to be drawn from the statement to him by the attorney to the effect he was putting the stock entirely beyond his control, and from the fact that he executed a will leaving nothing to the donee.

Apart from these facts and whatever inferences may be drawn therefrom, the case is substantially like *Eddy* v. *Pinder, supra,* in which delivery of a deed by a grantor to his attorney, with instructions to deliver it to the grantee after his decease, with no one having knowledge of the transaction except the grantor and his attorney, was held not to be a valid gift *inter vivos.*

In executing his will the donor no doubt had in mind the delivery of the stock and deed to the attorney. The will, however, is consistent either with a completed gift of the stock or with an attempt to pass ownership of the stock and the real estate, not then, but at the donor's death, to avoid delay and inconvenience of administration.

The statement by the attorney about putting the stock beyond the donor's control remains the only fact on which to base by inference an intent on the part of the donor to make

a present gift. The statement is unsupported by any other evidence clearly pointing to such intent.

The intention by the donor to make a gift *inter vivos* was not clearly manifested. The light thrown upon his intention at the time of the delivery by his subsequent acts, and particularly by his continued active interest in the Hospital, his failure to disclose a gift, and the negotiations for sale, makes clear, and indeed compelling, the inference that the donor did not intend to make a gift *inter vivos* but to make a gift to take effect at his death in evasion of the statute of wills. The statement by the attorney, above referred to, provides too narrow a base for an inference that the donor intended, to use the words of the decree, "said stock to become the property of (the donee) subject only to his life interest."

Facts, here lacking, pointing to a completed gift, distinguish the following cases from the present situation. The gift was known to the donee, in *Tripp* v. *McCurdy, supra.* The certificate of deposit had been transferred to the donee's name, in *Streeper* v. *Myers,* Ohio, 132 Ohio St. 322; 7 N. E. (2nd) 554. There was a memorandum that the stock was the property of the donee in *Woolley* v. *Taylor, supra.* Delivery was made by the donor to the donee in *Gledhill* v. *McCoombs, supra,* and *In re Chapple's Estate, supra.* The deed contained a reservation of a life estate in *Dickerson* v. *Dickerson,* 322 Ill. 492; 153 N. E. 740.

In *Innes* v. *Potter,* 130 Minn. 320; 153 N. W. 604; 3 A. L. R. 896, the stock assigned to the donee, and a letter from the donor to the donee stating that the donor had transferred the stock to the donee, were deposited with a third party for delivery to the donee after the donor's death. In the present case there is no such memorandum.

In our opinion, the finding by the single justice was clearly wrong, and the appellant has sustained his burden of showing the error. *Brickley* v. *Leonard,* 129 Me. 94; 149 A.

833; *Gatchell* v. *Gatchell,* 127 Me. 328; 143 A. 169; *Holmes* v. *Vigue et alii,* 133 Me. 50; 173 A. 816.

The transaction must fail as a gift *inter vivos*. It was an attempted testamentary disposition.

> "There is but one way of making a testamentary disposition of property and that is by will; the statute of wills was invented and adopted for the express purpose of establishing a legally defined procedure to be employed in giving post mortem effect to an ante mortem disposal of property." *Maine Savings Bank* v. *Welch,* 121 Me. 49, 51; 115 A. 545.

The single justice erred in finding that plaintiff's testator intended the stock to become the property of the defendant, Paul S. Hill, Jr., subject only to his life interest; that the delivery of the stock to the attorney was absolute, unqualified and irrevocable; and that title thereby passed to the defendant, Paul S. Hill, Jr.

The stock was the property of the plaintiff's testator at his decease. The certificate is to be delivered by the defendant to the plaintiff in her capacity as executrix. The plaintiff is entitled to costs against the defendant, Paul S. Hill, Jr.

*Appeal sustained.*

*Remanded for entry of a decree, in accordance herewith.*