Marie D. BOUCHARD, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 5758.

United States Court of Appeals
First Circuit.

Jan. 16, 1961.

Kenneth W. Bergen, Boston, Mass., with whom M. Gordon Ehrlich and Bingham, Dana & Gould, Boston, Mass., were on brief, for petitioner.

David O. Walter, Attorney, Department of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., were on brief, for respondent.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

The sole question in this case is whether petitioning taxpayer received certain shares of stock of Bouchard Potato Company, Inc., hereinafter Potato Company, as a gift from her husband, hereinafter decedent, in August 1951, or whether she received them as sole legatee under his will. The Tax Court held that she received them at the earlier date. The case was tried on oral testimony, the witnesses being taxpayer, the decedent's brother, the decedent's secretary, and his lawyer. There was no disagreement. Taxpayer contends that the Tax Court misstated the effect of the testimony, and, in addition, drew unwarranted inferences. She also attacks certain rulings of law, the propriety of which we do not reach because of our agreement with her more basic position.

Prior to August 1951 the stock of Potato Company was held as follows: decedent and his brother, 229 shares, each; taxpayer and decedent's sister-in-law, 1 share, each. All of the above individuals were officers and directors of the company, except taxpayer, who had no connection with its affairs. During the summer of 1951 decedent was concerned about his health. In August, to quote the Tax Court, "he conferred with his attorney, stating that he was contemplating a transfer of his stock in Potato Company to petitioner and himself as joint tenants *in order to ensure that the stock would pass promptly to her upon his death.* The attorney ad-

vised him that such action would constitute a gift to petitioner with respect to the stock and was unnecessary because the stock would go to petitioner under the terms of his will. Despite the advice of his attorney, the decedent [caused new certificates for 230 shares to be issued in the name of himself and taxpayer] as joint tenants, with right of survivorship." (Italics supplied.) The court further found that the certificates were thereafter placed by decedent in the company safe to which officers of the company, but not taxpayer, had access. Taxpayer was not informed of the transfer, and never saw the certificates until after decedent's death.

The Tax Court properly conceded that the mere changing of the designation of the certificates did not constitute a gift unless there was a donative intent,[1] and that such intent must have been to make a gift *in praesenti*, since a gift to take effect at death would constitute an invalid testamentary disposition. Hill v. Hill, 1949, 144 Me. 224, 67 A.2d 533. After recapitulating what we have already quoted, the court said,

"Decedent made the transfers in a form and manner which he had been advised would constitute gift transactions under Maine law. He did so even though he had strongly expressed to his attorney, who had so advised him, that he had no intent to make a gift *in praesenti*. He did so against the advice of his brother to the effect that his will would accomplish a transfer to take effect at death. We can only conclude from his acts that he intended a transfer *other* than one which would be effective only at his death. Indeed we are at a loss to understand how his clearly expressed intent that the property involved should be available to petitioner immediately upon his death without the necessity of probate of his estate could have been effectuated short of an *inter vivos* gift *in praesenti*." (Italics in original.)

As a ruling of law this last sentence was clearly correct but as a basis for a finding of fact it was not. We think the court in some fashion confused purpose and intent. It was decedent's purpose to have the property transferred immediately upon his death. This, also, was his disclosed intent.[2] We cannot accept the court's conclusion that inasmuch as his purpose could not be legally effective unless he had an intent to make a gift *in praesenti*, he is to be taken to have an intent precisely contrary to the one which, to quote the court, "he had strongly expressed." The court has put the cart before the horse. Rather than conclude that decedent had a different intent because otherwise his purpose would fail of accomplishment, we must hold that his purpose failed because the intent he had was the wrong one. See Hill v. Hill, supra; Monaghan v. Monaghan, 1946, 320 Mass. 367, 69 N.E.2d 476.

The government also has difficulties in showing delivery, but these we do not reach.

Judgment will be entered vacating the decision of the Tax Court and remanding the case to that Court for the entry of a decision in accordance with this opinion.

1. We do not read the Maine statute as to the creation of joint tenancies, Revised Statutes (1954) Ch. 168, § 42, as doing away with this requirement.

2. The court's statement that the decedent's attorney had "advised him that such [transfers] would constitute a gift" in the sense the court construes it was patently an overcharacterization. The attorney testified, "I said, 'Are you intending to give it to her or make a gift to her of it?' He said, 'No, I want her to have it after my death. * * * Hell, no.'" The attorney told him that in view of the will there was no need to do anything. We cannot construe this as affirmative advice of the immediate consequences of the proposed transfer on the company books. Nor did decedent so understand it. Uniform testimony from several sources indicated that after the certificates were changed he did not believe ownership had passed.