**Thomas D. LITTLE and wife, Ruby E. Little, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**T. D. LITTLE ENTERPRISES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 2712, 2713.**

United States District Court
E. D. Texas,
Tyler Division.
Dec. 20, 1960.

Allen E. Pye, Tyler, Tex., for plaintiffs.

Paul N. Brown, U. S. Atty., Tyler, Tex., Robert L. Littenberg, U. S. Dept. of Justice, Washington, D. C., for defendant.

SHEEHY, Chief Judge.

These are actions to recover income taxes alleged to have been erroneously assessed against and collected from plaintiffs by the Commissioner of Internal Revenue.

In Civil Action No. 2712 the years involved are 1955, 1956, 1957 and 1958. The fiscal year of the Plaintiff Corporation, hereinafter referred to as the corporation, was from June 1 through May 31 of the following calendar year. In Civil Action No. 2713 the fiscal years involved are those years that ended May 31, 1955, May 31, 1956, May 31, 1957, and May 31, 1958, respectively. The actions were consolidated for trial and were tried jointly before the Court without a jury. The pertinent facts as found are as hereinafter stated.

For approximately fifteen years prior to May 1948 the plaintiff, Thomas D. Little, was engaged in the business of buying and selling pulpwood with his place of business being located at Alto, Texas, at all times pertinent hereto. Sometime prior to May 18, 1948, the said Thomas D. Little decided to organize a Texas corporation to take over the operation of his pulpwood business and took the necessary steps to organize such corporation. On May 8, 1948, the plaintiff Corporation with a capital stock of $25,000 was duly incorporated under the laws of the State of Texas. Two hundred and fifty shares of $100 par value stock were issued. The incorporators and directors of the corporation and subscribers of the 250 shares of capital stock were Thomas D. Little who subscribed for 248 shares, the plaintiff, Ruby E. Little, who subscribed for one share, and Jim L. Hargrove who subscribed for one share. The par value of the capital stock so subscribed for, namely, the sum of $25,000, was duly paid by said subscribers to the corporation. The first meeting of the corporation's directors was held on May 26, 1948. At that meeting Thomas D. Little was elected president; Ruby E. Little, vice-president; and Jim L. Hargrove, secretary. On June 1, 1948, Thomas D. Little and wife, Ruby E. Little, transferred to the corporation most, if not all, of the assets Thomas D. Little had used in the operation of the pulpwood business theretofore conducted by him as an individual, namely, nineteen trucks, certain office furniture and fixtures and accounts and notes receivable of the Thomas D. Little pulpwood business, the book value of which at the time of said transfer was the sum of $53,064.38. In payment for said assets so transferred to it, the corporation duly executed and delivered to Thomas D. Little and wife, Ruby E. Little, its promissory note dated June 1, 1940, in the principal amount of $53,064.38 with interest at the rate of eight per cent per annum payable semiannually as it accrued. Said note was to be paid in ten equal annual installments. To secure the payment of said note the corporation executed a chattel mortgage covering the assets transferred to it by Thomas D. Little and wife, Ruby E. Little.

On or about July 1, 1948, the corporation issued fifty debenture bonds denominated as First Issue Ten Year Eight Per Cent Debenture Bonds, with each bond being dated July 1, 1948. Each bond was in the principal amount of $1,000, which was in registered form and had attached thereto interest coupons payable semiannually at the rate of eight per cent per annum. Maturity date of each of said bonds was July 1, 1958. In connection with the issuance of

such bonds a Trust Indenture dated July 1, 1948, was entered into between the corporation and the Continental State Bank, Alto, Texas, as Trustee. Among other things, said Trust Indenture set forth the redemption provisions and established a sinking fund requiring the corporation to make annual payments to the Trustee for a period of ten years with which to redeem the bonds at their face value on the maturity date thereof.

Upon the issuance of the debenture bonds the corporation, having previously paid to Thomas D. Little the sum of $25,000 on the $53,064.38 note, above referred to, issued and delivered to Thomas D. Little 28 of said debenture bonds in satisfaction of the balance due on said note. Thomas D. Little purchased four additional debenture bonds and paid for them by check drawn on his account in the Continental State Bank, Alto, Texas, in the amount of $4,000, which sum of $4,000 was deposited in the account of the corporation on November 29, 1948. Six of the debenture bonds were issued in the name of Jack Little, son of Thomas D. Little; six in the name of Mary Cathryn Little, daughter of Thomas D. Little; and six in the name of Margaret Helen Little, daughter of Thomas D. Little. The corporation was paid the sum of $18,000 for the eighteen bonds issued to the three children of Thomas D. Little as follows: by check in the amount of $6,000 drawn on an account in the Continental State Bank of Alto, Texas, in the name of Jack Little; by check in the amount of $3,000 drawn on an account in the Continental State Bank of Alto, Texas, in the name of Mary Cathryn Little; a check in the amount of $3,000 drawn on an account in the Continental State Bank of Alto, Texas, in the name of Margaret Helen Little; a check in the amount of $1,800 drawn on an account in the Continental State Bank of Alto, Texas, in the name of Jack Little; a check in the amount of $4,200 drawn on an account in the Continental State Bank of Alto, Texas, in the name of

Margaret Helen Little. Each year after the issuance of the debenture bonds, including the years 1955, 1956, 1957 and 1958 the corporation paid the $4,000 in interest that was payable annually under the terms of said bonds. The interest that accrued and was paid on the 32 bonds issued to Thomas D. Little was deposited each time as paid in the bank account of Thomas D. Little. The interest that accrued and was paid on the 32 bonds issued to Thomas D. Little was deposited each time as paid in the bank account of Thomas D. Little. The interest that accrued and was paid on the six bonds issued in the name of Mary Cathryn Little was deposited each time as paid in a bank account in the name of Mary Cathryn Little. The interest that accrued and was paid on the six bonds in the name of Margaret Helen Little was deposited each time as paid in a bank account in the name of Mary Cathryn Little. The interest that accrued and was paid on the six bonds issued in the name of Jack Little was deposited as paid in a bank account in the name of Jack Little except such interest as was paid on the six bonds issued in the name of Jack Little from January 1951 through July 1956 was deposited in the bank account of Thomas D. Little.

On July 1, 1958, the corporation purportedly retired the debenture bonds by issuing checks as follows: a check payable to Mary Cathryn Little in the amount of $6,000; a check payable to Margaret Helen Little in the amount of $6,000; a check payable to Jack Little in the amount of $6,000; and a check payable to Thomas D. Little in the amount of $32,000. The check payable to Mary Cathryn Little was deposited in the bank account in her name; the check payable to Margaret Helen Little was deposited in the bank account in her name; the check payable to Jack Little was deposited in the bank account in his name; and the check payable to Thomas D. Little was deposited in the bank account in his name.

In about 1945 Thomas D. Little opened a bank account in the Continental State

Bank of Alto, Texas, for and in the name of each of his three children above mentioned. At that time each of said children was a minor. Thomas D. Little established the bank accounts in such a manner that he could manage them and was the only one authorized to draw checks on said bank accounts. At the time the debenture bonds in question were issued to the three Little children the bank accounts of said children were not equal. As above indicated, funds from the bank accounts in the names of Jack and Margaret Helen were used to pay for a portion of the bonds issued in the name of Mary Cathryn. Thomas D. Little used for his own personal use as he saw fit the funds in said accounts. On February 13, 1959, Thomas D. Little withdrew all of the money deposited in the accounts in the names of the children, including the amounts paid by the corporation and deposited to said accounts in the names of the children as interest on the bonds issued in the names of the children. None of the children ever had any control whatsoever of the bank account in his or her name, and this was true at all times pertinent hereto even though Jack reached his majority in 1952 and Mary Cathryn married in 1955.

From June 1, 1954, to May 31, 1955, the corporation paid to Thomas D. Little allegedly as a reimbursement for travel and business expenses incurred by Thomas D. Little on behalf of the corporation during that period of time the sum of $4,415.45. This amount was paid to Thomas D. Little by weekly checks issued by the corporation and made payable to cash.

Thomas D. Little and wife timely filed a joint income tax return for the calendar year 1955 and timely paid the amount of the income tax due as reflected by said return. For each of the calendar years 1956, 1957 and 1958 Thomas D. Little duly filed his individual income tax return and timely paid the income tax due as reflected by each of said returns. The corporation duly filed its income tax returns for the tax years in-volved in Civil Action No. 2713 and timely paid the income tax due as reflected by said returns.

Thomas D. Little in his income tax returns filed for the years in question in Civil Action No. 2712 did not report as income any portion of the sum of $4,415.-45 allegedly paid him by the corporation as reimbursement for travel and miscellaneous business expense. For each year in question he reported the interest paid to him by the corporation on the thirty-two debenture bonds issued in his name as income but he did not report as income to him the interest paid by the corporation on the eighteen bonds issued in the names of his three children. In his tax return filed for the year 1958 Thomas D. Little did not report as income any portion of the $50,000 paid by the corporation on July 1, 1958, as the principal of the debenture bonds.

In its tax return filed for each of the tax years involved in Civil Action No. 2713 the corporation treated the amount paid Thomas D. Little and his children as interest on the debenture bonds during the tax year as interest and claimed such as a deduction. In its return filed for the tax year ending May 31, 1955, the corporation claimed as a deduction the sum of $4,415.45 paid to Thomas D. Little during that tax year as an alleged reimbursement for travel and business expenses incurred by Thomas D. Little on behalf of the corporation.

The Commissioner of Internal Revenue, hereinafter referred to as the Commissioner, caused an audit to be made of the 1955 income tax return of Thomas D. Little and wife, Ruby E. Little, and an audit to be made of the individual income tax returns of Thomas D. Little for the years 1956, 1957 and 1958. As a result of these audits the Commissioner determined that certain additional taxes were due which additional taxes and interest thereon were paid as follows: that for the year 1955 Thomas D. Little and wife, Ruby E. Little, owed additional taxes in the amount of $2,-527.56, which amount together with interest thereon in the sum of $342.05 was

paid by the said Thomas D. Little and wife, Ruby E. Little, on July 17, 1958, and August 11, 1958; that for the year 1956 Thomas D. Little owed additional taxes in the amount of $2,365.12, which amount together with interest thereon in the sum of $224.69 was paid by the said Thomas D. Little on November 17, 1958; that for the year 1957 Thomas D. Little owed additional taxes in the amount of $1,686.98, which amount together with interest thereon in the sum of $126.52 was paid by Thomas D. Little on July 15, 1959; and that for the year 1958 Thomas D. Little owed additional taxes in the amount of $31,513.05, which amount together with interest thereon in the sum of $472.70 was paid by the said Thomas D. Little on July 15, 1959.

Thomas D. Little and wife, Ruby E. Little, duly and timely filed a claim for refund of the additional income taxes for the year 1955 and interest thereon paid by them and Thomas D. Little duly and timely filed claims for refunds of the additional income taxes for the years 1956, 1957 and 1958 and the interest thereon paid by him. Each of said claims for refund was denied, and thereafter Thomas D. Little and wife, Ruby E. Little, duly instituted Civil Action No. 2712.

The Commissioner caused audits to be made of the income tax returns of the corporation for the fiscal years that ended May 31, 1955, May 31, 1956, May 31, 1957, and May 31, 1958. As a result of those audits the Commissioner determined that additional income taxes were owed by the corporation for each of said fiscal years as follows, which additional taxes together with interest thereon were paid to the Internal Revenue Department as follows: that for the fiscal year that ended May 31, 1955, the corporation owed additional taxes in the amount of $2,306.41, which amount together with interest thereon in the sum of $404.38 was paid by the corporation on July 17, 1958, and August 11, 1958; that for the fiscal year that ended May 31, 1956, the corporation owed additional taxes in the amount of $1,555.93, which amount to-

gether with interest thereon in the sum of $206.16 was paid by the corporation on November 14, 1958; that for the fiscal year that ended May 31, 1957, the corporation owed additional taxes in the amount of $2,357.03, which amount together with interest thereon in the sum of $271.06 was paid by the corporation on July 20, 1959; and that for the fiscal year that ended May 31, 1958, the corporation owed additional taxes in the amount of $1,262.64, which amount together with interest thereon in the sum of $69.45 was paid by the corporation on July 20, 1959. The corporation duly and timely filed claims for refunds of the additional taxes and interest paid by it. Each of its claims for refund was rejected and the corporation timely instituted Civil Action No. 2713.

The Commissioner of Internal Revenue in determining that the plaintiffs owed additional income taxes for the years involved in these actions, which additional taxes were assessed against and paid by plaintiffs, as aforesaid, took certain positions contrary to the contentions of the plaintiffs. In the first place the Commissioner treated only $2,100 of the $4,415.45 paid by the corporation to Thomas D. Little from June 1, 1954, to May 31, 1955, as reimbursement for travel and business expenses incurred by Thomas D. Little on behalf of the corporation as being a reimbursement for travel and business expenses and treated the remainder of said sum of $4,415.45 as being a constructive dividend paid by the corporation to Thomas D. Little. In the second place the Commissioner considered the debenture bonds in the sum of $50,000 issued by the corporation, as aforesaid, as not being a true indebtedness of the corporation but as being in the nature of a capital contribution to the corporation, and as a result of that position and determination the Commissioner treated the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds as being a payment of dividends by the corporation. In addition to treating said $4,000 paid as in-

terest on the debenture bonds as being dividends the Commissioner took the position that the $4,000 paid by the corporation as alleged interest on the debenture bonds for each of the years 1955, 1956, 1957 and 1958 was in truth and in fact paid to Thomas D. Little although $1,440 of said sum of $4,000 paid each year was purportedly paid to the three children of Thomas D. Little. In keeping with his position that the debenture bonds were not a true indebtedness of the corporation, the Commissioner treated the $50,000 paid by the corporation on or about July 1, 1958, purportedly as payment of the principal of the debenture bonds, as being the payment of a dividend.

Whether the plaintiffs, or any of them, are entitled to recover in these actions, and, if so, the extent of the recovery they are entitled to depends on the answers to certain broad questions presented. Those questions are:

(1) Whether the sum of $4,415.45 paid by the corporation to Thomas D. Little allegedly as a reimbursement for travel and business expenses incurred by Thomas D. Little on behalf of the corporation between June 1, 1954, and May 31, 1955, represented reimbursement for travel and miscellaneous business expenses incurred by Thomas D. Little on behalf of the corporation or whether $2,315.45 of said amount was paid to the said Thomas D. Little by the corporation as a dividend;

(2) Whether the First Issue Ten Year Eight Per Cent Debenture Bonds in the amount of $50,000 issued by the corporation were a true indebtedness of the corporation or were capital contributions to the corporation;

(3) Whether the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds was in fact interest or was the payment of dividends;

(4) Whether $1,440 of the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds was paid to or for the benefit of Thomas D. Little or was paid to or was for the benefit of his three children;

(5) Whether the $50,000 paid by the corporation in 1958 to the holders of its debenture bonds was the repayment of the principal of said debenture bonds or was the payment of a dividend;

(6) If it is determined that the $50,000 paid on the debenture bonds in 1958 was a dividend whether the entire $50,000 was paid to Thomas D. Little or for his benefit or whether $18,000 thereof was paid to and for the benefit of his three children.

■ The burden was on the taxpayers to establish that Thomas D. Little incurred travel and miscellaneous business expenses on behalf of the corporation between June 1, 1954, and May 31, 1955, in the amount of $4,415.45. This, the taxpayers have wholly failed to do. Under the evidence in this case it appears to me that the Commissioner was very liberal in allowing the sum of $2,100 as being the amount of travel and miscellaneous business expenses incurred by Thomas D. Little on behalf of the corporation during the period in question. As the answer to Question No. (1) above, I find and conclude that $2,315.45 of the sum of $4,415.45 paid by the corporation to Thomas D. Little as alleged reimbursement for travel and miscellaneous business expenses incurred by Thomas D. Little on behalf of the corporation between June 1, 1954, and May 31, 1955, was, in effect, a dividend paid by the corporation to Thomas D. Little and the Commissioner was correct in so finding and concluding.

■■ The answers to Questions Nos. (2), (3) and (5) depend upon a determination as to whether the debenture bonds issued by the corporation represented a true indebtedness of the corporation or whether the bondholders simply made a contribution to the capital of the corporation. Whether such bonds represented a true indebtedness of the corporation or constituted a contribution to the capital of the corporation depends

on the intent of the parties and this intent is to be ascertained from all relevant facts and circumstances. Rowan v. United States, 5 Cir., 219 F.2d 51, 54. The fact that parties might enter into a transaction for the purpose of minimizing or avoiding taxes which might otherwise accrue does not of itself make a transaction something different from what it purports to be. Gregory v. Helvering, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596; Sun Properties v. United States, 5 Cir., 220 F.2d 171, 174; and Montgomery v. Thomas, 5 Cir., 146 F.2d 76, 81. As said by the Court in the Rowan case, supra, " * * * we nevertheless have seen no authority for the proposition that the stockholders of a corporation may not determine just how much of their funds they care to risk in the form of capital and how much, if any, they are willing to lend as a credit. If they make such a determination and it is clear that such is their intent, the fact that when they close up the venture and take their loss as to such amount as they have actually loaned the corporation, this leaves them in a position to enjoy more favorable deduction privileges than if they had put it all in as capital, this does not entitle the Commissioner of Internal Revenue to rewrite their balance sheet for them and show to be capital what was intended to be a loan." [219 F.2d 54].

■ Upon a full consideration of all the relevant facts and circumstances as shown by the evidence in this case, I find and conclude it was the intent of the corporation and of Thomas D. Little that said debenture bonds represent a true indebtedness of the corporation to the bondholders, and it was not the intention of said parties that the amounts paid to the corporation for the bonds be a contribution to the capital of said corporation. Thus, the answer to Question No. (2) is that the debenture bonds referred to in the question represented a true indebtedness of the corporation; the answer to Question No. (3) is that the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958

as interest on the debenture bonds was, in fact, interest; and the answer to Question No. (5) is that the $50,000 paid by the corporation in 1958 to the holders of the debenture bonds was the repayment of the principal of the debenture bonds and was not the payment of a dividend.

To answer Questions Nos. (4) and (5), it must be determined whether or not the 18 debenture bonds issued to the three Little children, as aforesaid, were owned by said children or were in truth and in fact owned by Thomas D. Little. The defendant contends that the $18,000 paid to the corporation for said 18 debenture bonds were funds belonging to Thomas D. Little and that the 18 bonds issued in the names of the three children belonged to Thomas D. Little. The plaintiffs, on the other hand, contend that Thomas D. Little gave his three children the sum of $18,000 ($6,000 to each) which was used to pay for the 18 debenture bonds issued in the names of said children, and because thereof the bonds belonged to and were the property of the three children.

■■ As a general rule, in order to complete a gift the donor must do everything reasonably permitted by the nature of the property and the circumstances of the transaction in parting with all incidences of ownership and continued possession, dominion and control over the subject matter of a purported gift and the fruits thereof mitigate against there being a gift. Coffey v. Commissioner of Internal Revenue, 5 Cir., 141 F.2d 204, 205. In the instant case the facts show that Thomas D. Little at all times exercised complete control and dominion over the money used to pay for the 18 debenture bonds issued in the names of his children, over the bonds after they were issued in the names of the children and over the moneys paid by the corporation on said bonds. It would serve no useful purpose to detail all of the evidence bearing on the issue, but it will suffice to say that I find and conclude that the $18,000 paid to the corporation for the 18 bonds issued in the names of

the Little children belonged to Thomas D. Little at all times, and the 18 debenture bonds issued in the names of said children at all times pertinent hereto belonged to and were the property of Thomas D. Little. Thus, as the answer to Question No. (4) I find that $1,440 of the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds was not paid to or for the benefit of the three children of Thomas D. Little, but the entire $4,000 paid by the corporation as interest on the debenture bonds in each of said years was paid to or for the benefit of Thomas D. Little; and as the answer to Question No. (6) I find and conclude that the entire $50,000 paid by the corporation in 1958 as the principal of the debenture bonds in question was paid to Thomas D. Little or for his benefit and no part of said $50,000 was paid to or was for the benefit of the three children of Thomas D. Little.

In light of the foregoing answers made to the six questions above stated, it follows that the Commissioner did not err in treating as a dividend paid by the corporation to Thomas D. Little $2,315.45 of the sum of $4,415.45 paid by the corporation to Thomas D. Little allegedly as reimbursement for travel and business expenses between June 1, 1954, and May 31, 1955; that the Commissioner erred in holding that the $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds was not interest; that the Commissioner did not err in holding that the entire $4,000 paid by the corporation in each of the years 1955, 1956, 1957 and 1958 as interest on the debenture bonds was paid to or for the benefit of Thomas D. Little; that the Commissioner erred in holding that the payment of $50,000 by the corporation in 1958 to the holders of its debenture bonds was the payment of a dividend and was not the repayment of the principal of said debenture bonds; and that the Commissioner did not err in holding that the entire $50,000 paid by the corporation on the debenture bonds in 1958

was paid to Thomas D. Little or for his benefit. Because of these erroneous holdings of the Commissioner portions of the income taxes assessed against and collected from the plaintiffs as above stated were erroneously assessed against and collected from the plaintiffs.

In Civil Action No. 2712 the plaintiffs, Thomas D. Little and wife, Ruby E. Little, are entitled to recover the amount of the income taxes erroneously assessed against and collected from them for the year 1955, together with the amount of interest paid by Thomas D. Little and wife, Ruby E. Little, that is attributable to the amount of income taxes that were erroneously assessed against and collected from them for the year 1955; and the plaintiff, Thomas D. Little, is entitled to recover the amounts of income taxes erroneously assessed against and collected from him for the years 1956, 1957 and 1958, together with the amounts of the interest paid by him that are attributable to the amounts of the taxes erroneously assessed against and collected from him for the years 1956, 1957 and 1958.

In Civil Action No. 2713 the plaintiff is entitled to recover the amounts erroneously assessed against and collected from it for its tax years involved in said action, together with the interest paid by it that is attributable to the amount erroneously assessed against and collected from it for the tax years involved in said action.

In order to determine the exact amounts of the recoveries the plaintiffs are entitled to make the amounts of the income taxes due and owing by the respective plaintiffs for the years involved in these actions would have to be recalculated and determined in light of the findings and holdings herein made. The attorneys for the respective parties should immediately undertake such a recalculation of the income taxes due and owed by the plaintiffs for the years involved in these actions in an effort to reach an agreement as to the amounts the respective plaintiffs are entitled to recover under the findings and holdings

herein made. If the attorneys are able to agree on such amounts, a stipulation to that effect should be filed in these actions, and upon such a stipulation being filed the Court will direct the judgment that will be entered in each of these causes. In the event the attorneys are not able to agree on such amounts within thirty days from the date of this Memorandum Decision, said attorneys should so advise the Court within such thirty-day period in order that the Court might order a further hearing in these causes to determine the exact amount of the recovery the plaintiffs are entitled to make.