Renee Z. Kraft v. Commissioner. Alvin A. Kraft v. Commissioner.
Kraft v. Commissioner
Docket Nos. 3018-68, 3019-68.
United States Tax Court
T.C. Memo 1969-232; 1969 Tax Ct. Memo LEXIS 62; 28 T.C.M. (CCH) 1213; T.C.M. (RIA) 69232; November 3, 1969. Filed T. Robert Verkouteren, for the petitioners. Louis F. Nicharot, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined gift tax deficiencies with respect to each petitioner in the amount of $1,108.68 for 1963 and $1,379.81 for 1964. These cases were heard together and have been consolidated for the purpose of briefs and opinion. The sole issue is whether transfers of stock by Alvin in trust for petitioners' children constituted effective gifts 1214 which thereby rendered petitioners liable for gift tax during each of the years in question. This is a fully stipulated case and all of the necessary facts are found accordingly. Petitioners (hereinafter referred to individually as Alvin or Renee) are husband and wife who had their legal residence in Washington, *63 D.C., at the time of filing the petition herein. The petitioners each filed Federal gift tax returns for the years 1963 and 1964 with the district director of internal revenue, Baltimore, Maryland. On December 20, 1960, Alvin established two irrevocable trusts for the benefit of his three minor children, each child to receive his or her proportionate share of corpus and accumulated income, if any, upon attaining the age of 21. The trust indenture was executed by Alvin as grantor and his wife, Renee, and brother-in-law as trustees. Alvin reserved the right to transfer additional assets to the trusts from time to time. Alvin was the principal shareholder in Kraft Loans, Inc., and a minority shareholder in Kraft Loans Ltd., a subsidiary of Kraft Loans, Inc. Alvin's ownership in each corporation was reflected in one stock certificate. During each of the years 1960 through 1964, Alvin made transfers of stock in the two corporations in the following manner: He attached his certificate to the respective stock book stubs; he issued two new certificates with respect to the shares of each corporation, one in the names of the trustees, and the other in his own name to reflect his remaining *64 shares in that corporation. The stock certificates thus issued were not detached from the stock record books except that certificates of Kraft Loans, Ltd., were subsequently detached during the course of the merger of Kraft Loans, Ltd., into Kraft Loans, Inc., in 1963. At that time, Alvin issued shares in Kraft Loans, Inc., in the names of the trustees to replace the Kraft Loans, Ltd., shares which had previously been issued in their names. The stock certificate books at all times pertinent remained in the possession of Alvin. The trustees were aware of Alvin's intention to issue stock in their names. Dividends which were paid on the stock of Kraft Loans, Inc., sometime after 1963 were deposited in proportionate amounts to the bank accounts of the minor beneficiaries. On the income tax returns which he filed for the taxable year 1964, and for other years, Bruce Kraft, one of the minor beneficiaries, reported the dividends he received as income. The minor children have not been made aware of the existence of the trusts created by the trust indenture of December 20, 1960. There was not a sufficient amount of income in 1963 or 1964 to require the filing of a return by either of *65 the trusts created under the December 20, 1960 indenture. The parties have stipulated that Alvin intended completed gifts to be accomplished in the years 1960 through 1964, through the issuance of shares of stock as described, and believed that completed gifts in trust had been accomplished at the time new share certificates were issued by him. Petitioners each filed gift tax returns for each of the years 1960 through 1964, reporting the above-described transfers, Renee's returns being filed solely for the purpose of having one half of the transfers treated as gifts made by her. Petitioners allege that the transfers to the trustees by Alvin during 1963 and 1964 failed to constitute taxable gifts because of insufficient delivery and a lack of acceptance by the donees. They raise no question with respect to the effectiveness of gifts during 1960, 1961, and 1962 or as to the value of the subject matter of any of the transfers during 1960 through 1964. [1] Essentially, petitioners argue that there was no effective delivery, in that Alvin did not part with the requisite dominion and control. See Section 25.2511-2, Estate Tax Regs. We disagree. *66 What constitutes "essential delivery, dominion, or control" is basically a factual determination, to be made in the light of the circumstances of each particular case. Delight Ward Merner, 32 B.T.A. 658, 661 (1935). The burden of proof is on petitioners. Rule 32, Tax Court Rules of Practice.1215 In the instant case, we do not have the situation where the element of delivery, dominion, or control is intertwined with the further determination whether the donor's acts sufficiently evidence an intention to make a gift in praesenti rather than in futuro. Cf. Bouchard v. Commissioner, 285 F. 2d 556 (C.A. 1, 1961), reversing 34 T.C. 646 (1960); Richardson v. Commissioner, 126 F. 2d 562, 567 (C.A. 2, 1942), affirming and reversing 39 B.T.A. 927 (1939); Naomi Towle Bucholz, 13 T.C. 201 (1949). It has been stipulated herein that Alvin intended to accomplish completed gifts through the issuance of the shares in the names of the trustees. Thus, we need only determine whether Alvin's conduct was sufficiently *67 "ritualistic or ceremonial" to satisfy the requirements of a taxable gift. See Richardson v. Commissioner, supra.A clear intent to make a gift in praesenti can be an aid to acts of delivery which might be insufficient under other circumstances. See Edward H. Heller, 41 B.T.A. 1020, 1029 (1940); Walter F. Henningsen, 30 B.T.A. 301, 304 (1934). Renee clearly was cognizant of the transfers; petitioners concede on brief that she signed the certificates as secretary of the corporations and additionally she reported them as taxable gifts of Alvin which could be attributed to her. With this involvement in the transactions, we think it would have been incumbent upon her, in her capacity as trustee, to resist any attempt by Alvin to transfer the certificates out of the names of the trustees. Thus, it can be said that there was constructive acceptance on her part. [2] Finally, we note that dividends were paid to the bank acounts of the minor beneficiaries and that in the case of Bruce Kraft income tax returns were filed reporting the dividend income. Under *68 the foregoing circumstances, we are not impressed by the fact that the certificates remained attached to the stock record books, which, in turn, continued in the custody of Alvin. We conclude that petitioners have failed to satisfy their burden of proving that the transfers in question did not constitute completed gifts. Marshall v. Commissioner, 57 F. 2d 633 (C.A. 6, 1932); Kathryn Lammerding, 40 B.T.A. 589, 595-598 (1939), affd. 121 F. 2d 80 (C.A.D.C. 1941); compare Edward H. Heller, supra; Delight Ward Merner, supra. Petitioners' reliance on Richardson v. Commissioner, supra, Little v. United States, 191 F. Supp. 12 (E.D. Tex. 1960), *69 and Gordon B. Todd, 51 T.C. 987 (1969), on appeal (C.A. 2, Sept. 26, 1969), is misplaced. All three cases are obviously distinguishable on their facts. In Richardson, it was necessary to determine the extent to which the donor's acts constituted the requisite intent in praesenti, an element which, as we have previously pointed out, is not involved herein. In Little, the ownership of the funds used to acquire the property was a critical element. In Todd, the essential issue was whether credit entries purporting indebtedness sufficiently evidence an intent to make a gift in praesenti, which involved, among other things, a determination as to whether the purported indebtedness should be considered a sham for tax purposes. Cf. William Herbert Brown, 25 T.C. 920 (1956), affd., 241 F. 2d 827 (C.A. 8, 1957). Decisions will be entered for the respondent. Footnotes
1. On all their gift tax returns for the years 1960 through 1964, petitioners reported the transfers as taxable gifts but claimed the $3,000 annual exclusion. Section 2503(b), 1954 I.R.C.↩ They now concede that if the transfers were taxable gifts, they were nonqualified gifts of future interests. In view of the stipulation that Alvin intended completed gifts, we do not consider the original reporting of the transfers as a significant element in our consideration of the issue involved herein.
2. We recognize that the stipulation of facts states, "The Trustees were not aware as to how or where such [the] certificates were actually issued." But this general statement is overcome by the specific stipulation regarding the filing of the gift tax returns by Renee and the concession as to the signing of the certificates, which affirmatively show knowledge of the transfers. Cf. William Ernest Seatree, 25 B.T.A. 396. 401 (1932), affd. 72 F. 2d 67↩ (C.A.D.C. 1934).